## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA MACHACAZ, et al., | Civil Action No.: 2:18-cv-05554 |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | **AND ORDER** |
| ROYAL PROPERTY HOLDINGS, LLC, | |
| Defendant. | |

**CECCHI, District Judge.**

WHEREAS on April 5, 2018, Plaintiffs Maria Machacaz and Santana Chirino Cordova ("Plaintiffs") filed a complaint against Defendant Royal Property Holdings, LLC ("Defendant"), (ECF No. 1), and on April 13, 2018, Plaintiffs filed a motion for temporary restraining order and for preliminary injunction. (ECF No. 3); and

WHEREAS Plaintiffs allege "[t]his Court has subject matter jurisdiction over this action because it presents a federal question pursuant to 28 U.S.C. § 1331." (ECF No. 1 ¶ 4); and

WHEREAS Plaintiffs' complaint alleges two causes of action, one for assault and one for "violation of civil rights under 42 U.S.C. § 1983." (*Id.* at 4); and

WHEREAS "[i]n order to prevail on a claim under section 1983, a plaintiff must establish (1) the violation of a federally protected constitutional or statutory right, (2) by state action or action under color of law." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1264 (3d Cir. 1994); and

WHEREAS because Plaintiffs have brought suit against a private company, Plaintiffs must therefore allege "(1) that [Defendant's] acts were 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible' and (2) that [Defendant] may fairly be said to be [a] state actor[]." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); and

WHEREAS "[a] person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Id.*; and

WHEREAS Plaintiffs' complaint merely alleges that "Defendant . . . was acting under the color of state law," and does not allege any facts to support a claim that Defendant is a state actor. (ECF No. 1 ¶ 27); and

WHEREAS accordingly, Plaintiffs' claim for "violation of civil rights under 42 U.S.C. § 1983" must be dismissed. *See Taylor v. Union Cty. Corr. Facility*, No. 02-0812, 2016 WL 373938, at *2 (D.N.J. Jan. 29, 2016); and

WHEREAS as Plaintiffs fail to state a cognizable federal claim, the Court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331; and

WHEREAS the Court also does not have diversity subject matter jurisdiction under 28 U.S.C. § 1332 over Plaintiffs' assault claim, as Plaintiffs allege that they "are citizens and domiciled in . . . New Jersey," and that "Defendant . . . is an investment New Jersey limited liability corporation with its principal place of business" in New Jersey. (ECF No. 1 ¶¶ 1, 3).

Accordingly, IT IS on this 19 day of April, 2018:

ORDERED that Plaintiffs' complaint, (ECF No. 1), is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and Plaintiffs' motion for temporary restraining order and for preliminary injunction, (ECF No. 3), is hereby ADMINISTRATIVELY TERMINATED as MOOT; and it is further

ORDERED that the Clerk shall send a copy of this Order to Plaintiffs by regular mail, and shall CLOSE the file.

_____
CLAIRE C. CECCHI, U.S.D.J.

2